UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE PATTERSON,

                              Plaintiff,

                -against-

FRANCISCO J. COLON,

                              Defendant.

20-CV-9317 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that

Defendant Correction Officer Francisco Colon failed to protect Plaintiff from hazardous

materials when Plaintiff was incarcerated at Otisville Correctional Facility.[1] By order dated

December 14, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees,

that is, *in forma pauperis* (IFP).

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of

Civil Procedure generally requires that the summons and complaint be served within 90 days of

---

[1] When Plaintiff filed this complaint, he was released from custody. Thus, the Prison
Litigation Reform Act does not apply. *See Gibson v. City Municipality of N.Y.*, 692 F.3d 198, 201
(2d Cir. 2012) ("[T]he relevant time at which a person must be 'a prisoner' within the meaning of
the PLRA in order for the Act's restrictions to apply is 'the moment the plaintiff files his
complaint.'") (citation omitted).

the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Francisco Colon through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete a USM-285 form with the address for Francisco Colon and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated:    December 17, 2020
          White Plains, New York

_____
          CATHY SEIBEL
     United States District Judge

## DEFENDANT AND SERVICE ADDRESS

Officer Francisco J. Colon
Otisville Correctional Facility
57 Sanitorium Road
Otisville, NY 10963-0008